# CATHERINE PETERSEN v. DR. VALENTINE O'MALLEY AND ANOTHER.

136 N. W. (2d) 586.

July 23, 1965—No. 39,650.

*Mahoney & Mahoney,* for relator.

*Meagher, Geer, Markham & Anderson, Mary Jeanne Coyne,* and *O. C. Adamson II,* for respondents.

KNUTSON, CHIEF JUSTICE.

Certiorari to review a decision of the Industrial Commission denying compensation to petitioner.

Catherine Petersen was employed by Dr. Valentine O'Malley as a receptionist from May 1959 until November 10, 1961. For a period of about 21 years Mrs. Petersen had been a heavy user of drugs of various kinds, which she obtained on prescription. About 2 years before he employed her, Mrs. Petersen began to see Dr. O'Malley professionally, and during that time he prescribed certain drugs of a milder nature than those she had been using in an attempt to take her off the drugs she had formerly used. At times she continued to obtain and use drugs not prescribed by the doctor. He observed that she was unable to control her use of barbiturates.

After Mrs. Petersen began working for Dr. O'Malley she surreptitiously appropriated large quantities of drugs from his office. She took samples that came to the office; appropriated unused prescriptions; and ordered

trial packages without the knowledge of the doctor and appropriated them when they came. She also volunteered to collect unused samples from other doctors in the building where she worked and from these samples, which customarily were given to charitable organizations, Mrs. Petersen appropriated what she wanted for her own use.

During her employment by Dr. O'Malley, petitioner's consumption of drugs gradually increased. When she left his employ in 1961, she had a supply of misappropriated drugs on hand that she took with her. When she discontinued use of the drugs, she experienced withdrawal symptoms, and on January 4, 1962, she was hospitalized for drug dependency and withdrawal symptoms. She seeks to recover hospital and medical expenses and compensation on the theory that her hospitalization and loss of wages were causally connected with her employment. The Industrial Commission found against her. The only question here is whether the evidence conclusively establishes that her disability arose out of and in the course of her employment.

A lengthy discussion of the problems involved here would be of no benefit to anyone. We have found no case law and our attention has not been called to any holding that under these circumstances petitioner would be entitled to workmen's compensation benefits as a matter of law. It is conceivable that a case might arise in which drug addiction would be causally related to employment, but this is not such a case. The only difference here between petitioner's use of drugs before and after her employment is that she found it possible to misappropriate what she wanted after entering the doctor's employ. It is difficult to see how any other result than that reached by the Industrial Commission could be sustained under these facts.

Affirmed.